## SURBER v PEOPLES RAILWAY CO.

Ohio Appeals, 2nd Dist, Montgomery Co

No. 1047.   Decided June 9, 1931

A. H. & O. B. Scharrer, Dayton, for Surber.

McMahon, Corwin, Landis & Markham, for Peoples Railway Company.

HORNBECK, J.

We consider the errors assigned in the brief of plaintiff in error, which are presented under four propositions: (1) "In the main is uncontroverted, presenting the law controlling general and special verdicts." (2) "The interrogatories and answers thereto can be reconciled with the general verdict." (3) "That the interrogatories and answers thereto are immaterial and are not irreconciliable with the general verdict, for the reason that the interrogatories and answers thereto do not meet the legal requirements." (4) "That the interrogatories and answers thereto are conclusions, containing mixed questions of law and fact, and as such are not within the purview of §11463, GC."

Considering these propositions in reverse order the fourth is met and answered by the decision of the Supreme Court of Ohio in **Davison v Flowers, 123 Oh St 89,** which approves not only an interrogatory (1) Was the defendant negligent? but also (2) State of what the negligence consisted.

It is obvious that the elements which the

jury had to determine in answering the special interrogatories under consideration here were no broader nor different than those presented in the Flowers case.

It is contended by counsel for' plaintiff that the court in defining contributory negligence failed to state that it consisted of want of ordinary care on the part of the plaintiff under **all the circumstances** proximately contributing to cause his injuries,

The court in defining negligence in the first instance used the generally accepted charge which included a full definition of ordinary care, embodying the phrase which was later omitted.

We must assume that the jury, in determining whether or not ordinary care was observed, kept in mind its meaning under the language of the court heretofore given. We find nothing prejudicial in this portion of the charge.

Coming then finally to the principal error urged, namely, that the interrogatories and answers thereto, are not inconsistent nor irreconciliable with the general verdict. The special interrogatories propounded and answered were as follows:

(1) Did the plaintiff see the street car in time to stop his motorcycle in the exercise of ordinary care so as to avoid collision with the street car?

A . Yes.

(4) Was the motorcycle moving at the time of the collision? ·

A. No.

(5) Did the street car enter the intersection before the motorcycle?

A. Yes.

·(6) Was there anything which prevented the plaintiff, in the exercise of ordinary care, from' stopping the motorcycle while still in a place of safety?

A.· No.

(8) In the exercise of ordinary care, was there anything which prevented the plaintiff from turning the motorcycle to the right and thus avoiding the· collision?

A. No.

If any one or more of these interrogatories as answered is irreconciliable and inconsistent with the general verdict, then the judgment of the trial court must be affirmed.

The answer to special interrogatory No. 4 determines that the motorcycle of the plaintiff was not moving at the time of the collision.

The court was confronted with certain evidence tending to establish a fact different from that claimed in the pleadings by either party. This is not an unusual situation and the evidence was undoubtedly offered by common consent, and the court no doubt charged under the facts as they developed. It therefore is proper to consider the answer to interrogatory No. 4 for what it is worth.

It is apparent that the answers to the interrogatories relate to the issue of contributory negligence on the part of the plaintiff. The general verdict fixes negligence against the defendant and the answers to the special interrogatories do not overcome this determination. It was pleaded in the answer of the defendant that the plaintiff was contributorily negligent in that (1) he failed to use ordinary care in entering said intersection without keeping a lookout for other vehicles or street cars already in said intersection; (2) In failing to use ordinary care in not slackening speed or **stopping his motorcycle** so as to avoid collision with one of the defendant's street cars. (3) Failing to use ordinary care in not .keeping his motorcycle under proper control while proceeding through said intersection.

If the plaintiff was negligent in any of these or other particulars and such negligence was the proximate cause of his injuries he cannot recover. ·

The jury in answering the first interrogatory said that in the exercise of ordinary care he should have seen the street car in time to stop his motorcycle and to avoid the collision with the street car. It is claimed that all of the elements involved in the answer to this interrogatory may be reconciled. with the general verdict and counsel divides them into three parts. (1) That the jury found that the plaintiff did see the street car. This is true. (2) That the jury found the motorcycle was not negligently driven against defendant's street car. This is true. (3) That the jury found that the plaintiff had stopped his motorcycle in the exercise of ordinary care so as to avoid the collision. Here arises the conflict between the answer to the special interrogatory and the general verdict.

The claim of counsel for plaintiff, as we understand it, is that the jury in answering interrogatory No. 1 merely said that the plaintiff did see the car in time to stop his motorcycle from colliding with (or running into) the car. That the jury made distinction between a collision with the street car and a collision with the motorcycle. That is to say, that before the motorcycle could come into collision with the street car it must have struck the street car while it (the motorcycle) was in motion. That as the motorcycle had stopped, according to

the answer to interrogatory No. 4, there could have been no collision with the street car. Therefore, the plaintiff, in the exercise of ordinary care, did see the street car in time to stop and avoid the collision and did stop in time to avoid it, but according to the general verdict, notwithstanding due care upon the part of plaintiff, the motorman negligently caused the street car to come into collision with the motorcycle.

Collision reasonably interpreted in this case must have meant the striking of the motorcycle by the street car, or the impact of the car and motorcycle however caused. It was none the less a collision because the street car only was moving. The jury by its general verdict found the plaintiff to be exercising ordinary care to avoid the collision, but by its answers to the special interrogatories expressly said that had he exercised ordinary care, as he was able to do by stopping his motorcycle he would have avoided the collision.

We believe this establishes contributory negligence on his part. It is, however, barely within the realm of possibility that the jury meant to say by its answer to special interrogatory No. 1 that there never was a collision of the motorcycle with the street car, but that the collision was of the street car with the motorcycle. But, if by this refinement of reasoning the answer to interrogatory No. 1 can be reconciled, we see no possibility of such determination respecting the answer to interrogatory No. 8. In this interrogatory the expression is: "Was there anything which prevented the plaintiff from turning the motorcycle to the right and thus avoiding **the collision?**" It is not within the realm of probability that the jury did not recognize that there was a **collision,** and it could not have been disturbed had it read the interrogatory in comparison with the verbiage found in interrogatory No. 1 "So as to avoid **collision with the street car.**"

The effect of the answer is to say not only that a failure on the part of the plaintiff to turn to the right would have prevented the collision, but that in the exercise of ordinary care he could have turned his motorcycle to the right and have avoided the collision. This answer, in connection with the interrogatory, embodies all the elements of contributory negligence.

The trial court found that the answer to interrogatory No. 6 was not necessarily controlling and it may be that it is somewhat indefinite in that it is not specifically related to the stopping of a motorcycle in a place of safety with respect to the street car at the time of or immediately prior to the collision. In any event, it is not necessary to a decision in this case to say that it is determinative.

The result of the answers to the interrogatories which we have stressed discloses that the plaintiff was contributorily negligent which prevented his recovery and required the judgment notwithstanding the verdict.

The reply brief presents at considerable length the action of the court upon the return of the jury into court to make inquiry concerning the effect of its answers to the special interrogatories, particularly that question where a juror inquired, "And when you answer, yes, to the interrogatories, would that in any way control our verdict?" To which the court answered "I can't answer that. You will arrive at a general verdict. Then you will answer the interrogatories as submitted to you."

We cannot say that this procedure was error and certainly it was not prejudicial. We know of no presumption that could arise to indicate that it affected or changed the answers to the interrogatories. The good faith of the jury must, of course, be conceded and also that it exercised due care and consideration in answering the interrogatories. The effect of the answers is prescribed by the statute which the trial court was bound to observe and which says that the special finding shall control the general verdict. If this leads to injustice, it is chargeable to the legislature and not to the courts. It is altogether possible that the jury had in mind something which cannot be gleaned from a comparison of the answers to the special interrogatories with the general verdict. But after careful consideration of the unusual situation presented in this case, we are unable under any reasonable hypothesis to reconcile all of the answers to the special interrogatories with the general verdict.

Judgment affirmed.

ALLREAD, PJ, and KUNKLE, J, concur.